UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-07866-AB-MBK | Date: | December 16, 2025 |
|---|---|---|---|

| Title: | *California Spine and Neurosurgery Institute v. United Healthcare Services, Inc. et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER GRANTING MOTION FOR REMAND [Dkt. No. 18]**

Before the Court is Plaintiff California Spine and Neurosurgery Institute's ("Plaintiff" or "Provider") Motion for Remand ("Motion," Dkt. No. 18). Defendant United Healthcare Services, Inc. et al ("Defendant") filed an opposition and Plaintiff filed a reply. The Court will resolve the Motion without oral argument and therefore **VACATES** the Motion and Scheduling Conference hearing set for December 19, 2025. *See* Fed. R. Civ. P. 78, C.D. Cal. L.R. 7-15. The Motion is **GRANTED**.

**I.   BACKGROUND**

Plaintiff is a medical provider. Defendant is a health insurance company. Compl. (Dkt. No. 1-1) ¶ 5. Plaintiff provided medical services to Patient, an insured of Defendant.[1] Compl. ¶¶ 5, 26. Plaintiff alleges that, in order to decide

---

[1] Due to privacy concerns and the Health Insurance Portability and Accountability Act ("HIPPA"), the parties are not naming the Patient.

whether to provide services to Patient, Plaintiff's representative spoke with Defendant's representative "regarding the manner in which [Plaintiff] would be paid for services." *Id.* ¶ 27. Plaintiff asked Defendant what the was "the Patient's responsibility versus the Defendant's responsibility for paying" for the services; if Defendant pays based on "usual, customary, and reasonable" ("UCR") rates for 4 specific procedure codes and related codes; and if Defendant uses a Medicare fee schedule for those codes. Defendant answered the questions, including by confirming that Defendant pays the UCR rate and does not base payment on the Medicare fee schedule. *Id.* ¶¶ 28-33. In reliance on Defendant's representations, Plaintiff provided the services to Patient. *Id.* ¶ 40. Plaintiff billed Defendant $85,000 for the medical services, but Defendant paid only $1,184.30, which was far less than the UCR rate. *Id.* ¶ 51. Plaintiff challenged the decision, but Defendant said its decision was final. *Id.* ¶ 24.

Based on these allegations, Plaintiff's Complaint, filed in state court, asserts two state-law causes of action for negligent misrepresentation and for promissory estoppel to recover monies owed for the services. Defendant removed the action, invoking federal question jurisdiction on the ground that Plaintiff's state-law claims are artfully-pled and completely preempted by the Employee Retirement Income Security Act ("ERISA"), § 502(a), 29 U.S.C. § 1132(a). Plaintiff now moves for remand, arguing that the two claims are not completely preempted, so the Court lacks subject matter jurisdiction.

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction and have subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where a plaintiff's well-pleaded complaint presents a federal question or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. Id. §§ 1331, 1332(a).

The removing party bears the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III.   DISCUSSION

Under the well-pleaded complaint rule, whether a complaint triggers federal subject matter jurisdiction turns on what the complaint alleges. Thus, a complaint that pleads only state law claims does not generally give rise to federal question jurisdiction, even when there is a federal preemption defense to those state law claims, including a preemption defense under ERISA. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) ("*Davila*").

However, the doctrine of complete preemption is an exception to the well-pleaded complaint rule. The doctrine of complete preemption applies when "Congress [has] so completely pre-empt[ed] a particular area, that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co v. Taylor*, 481 U.S. 58, 63-64 (1987) ("*Taylor*"). In that circumstance, a plaintiff cannot avoid federal question jurisdiction by artfully pleading only state law claims. "The courts recharacterize the 'artfully-pleaded' complaint as though it had been 'well-pleaded,' " *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 861 (9th Cir.1987), cert. denied, 486 U.S. 1054, (1988), and federal question jurisdiction attaches.

Section 502(a)(1)(B) of ERISA provides an exclusive federal civil cause of action for a participant or beneficiary to recover benefits due him under the terms of an employee benefit plan. The Supreme Court has held that §502 reflects Congress's intent to "so completely pre-empt" this particular area that "causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court" because they arise under federal law. *Taylor*, 481 U.S. at 66-67. Thus, complete preemption under § 502(a) is "really a jurisdictional rather than a preemption doctrine, [as it] confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009).

The Supreme Court has adopted a two-part test for determining whether ERISA completely preempts a particular state law claim. *Davila*, 542 U.S. at 210. ERISA completely preempts state law claims where, first, "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and second, "there is no other independent legal duty that is implicated by a defendant's actions." *Id.* A removing defendant asserting federal question jurisdiction on the basis of complete preemption under ERISA bears the burden to prove that both

prongs of *Davila* are satisfied. *Marin*, 581 F.3d at 947 ("The two-prong test of *Davila* is in the conjunctive. A state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied.")

    This case is controlled by *Marin*. There, as here, the plaintiff pled only state law claims arising out of the defendant's alleged promise, in a phone call, regarding the rate it would pay for medical services the plaintiff provided to a patient covered by an ERISA plan. The *Marin* Court held that complete preemption did not apply: The first prong of the *Davila* test was not satisfied because the plaintiff could not have brought its state law claims under ERISA because they arose out of representations the defendant made to the plaintiff in their phone conversation. Nor was the second prong of the *Davila* test satisfied because the plaintiff's claims were based on an "independent" legal duty under state law arising out of that phone call.

    Here, as in *Marin*, Defendant has not satisfied either prong of the *Davila* test. First, Plaintiff could not have brought its claims for negligent misrepresentation and for promissory estoppel under ERISA. Defendant argues that these claims should really be treated as a claim for benefits under ERISA § 502(a) because Patient assigned his benefits to Plaintiff. The Complaint does indeed allege that Patient assigned his benefits to Plaintiff, *see* Compl. ¶ 42, and includes other references to the ERISA plan, *see* Compl. ¶¶ 44-45. However, neither state law claim is based on these allegations, Plaintiff does not assert an ERISA claim for benefits, and the *Marin* Court has held that the fact that a provider *could* have asserted a claim under § 502(a)(1)(B) "d[oes] not automatically mean that [the provider] could not bring some other suit against the insurer] based on some other legal obligation." *Marin*, 581 F.3d at 948; *see also Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1052 (9th Cir. 1999) ("[W]e find no basis to conclude that the mere fact of assignment converts the [p]roviders' claims into claims to recover benefits under the terms of an ERISA plan.") For the same reason, the fact that Plaintiff did previously pursue this as an ERISA claim against Defendant, voluntarily dismissed that claim, and then filed his state law claims does not establish the first *Davila* prong, or that Plaintiff's state law claims are really ERISA claims.

    Second, Defendant's alleged actions do implicate an independent legal duty in that they arise out of alleged representations that Defendant's representative made in the telephone call.

    For the foregoing reasons, Defendant has not satisfied the *Davila* test for

complete preemption under ERISA.

The Court notes that Defendant's opposition turns largely on the Court taking judicial notice of transcripts of the phone calls and agreeing with Defendant that Plaintiff's claims lack a "factual foundation." *See* Opp'n 5:9-6-23 (directing Court to call transcripts, claiming that "none of the alleged 'promises' or 'misrepresentations' alleged in the Complaint actually were made by United," that the call was a call to confirm benefits, and that all representations were consistent with the ERISA plan). These materials are not appropriate for either judicial notice or incorporation by reference, so the Court **DENIES** Defendant's Request for Judicial Notice (Dkt. No. 20). *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (a court may take judicial notice of matters of public record that are not subject to reasonable dispute); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (explaining that a document may be incorporated by reference where neither party disputes its authenticity and the pleading necessarily relies on the document). Accordingly, Defendant's arguments asking the Court to resolve facts against the Plaintiff are unavailing.

Finally, Plaintiff requests $2,500 in attorneys' fees, arguing that Defendant had no objectively reasonable basis to remove this action in light of *Marin* and at least three recent orders out of this district. *See* Mot. 2:12-24. Indeed, *Marin* does weigh strongly against removal, and the three recent cases— *Beach District Surgery Center v. EP Wealth Advisors*, LLC, 2025 WL 2420815 (C.D.Cal., August 19, 2025); *Beach District Surgery Center v. Computacenter United States, Inc.*, 2025 WL 2294329 (C.D.Cal., August 8, 2025); and *Beach District Surgery Center v. Salesforce, Inc.*, 2025 WL 2207939 (C.D.Cal., July 31, 2025)—all remanded similar cases pursuant to *Marin*. In *Beach District Surgery Center v. Computacenter United States, Inc.*, Judge Eick further included a list of cases from as far back as 2012 in which "district courts within this Circuit consistently have declined to discern complete preemption in circumstances legally indistinguishable from the present circumstances." *Id*. 2025 WL 2294329, at *3. Nevertheless, the Court declines to award fees. Defendant attempted to distinguish this case from *Marin* based in part on Plaintiff's own allegations referring to the ERISA plan and the assignment from Patient, and the Court finds that these arguments were made in good faith and were not wholly unreasonable. Why Plaintiff included ERISA allegations in its Complaint is not entirely clear since none of its pled claims depends on those allegations; the Court surmises these allegations were relics from the Complaint Plaintiff's counsel filed in the prior case or in a different case. Whatever the explanation, that Defendant removed this case is neither surprising nor entirely unreasonable given the presence of such allegations.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand (Dkt. No. 18) is **GRANTED**. The Clerk of Court is **ORDERED** to remand this action to the state court from which it was removed.

Defendant's Request for Judicial Notice (Dkt. No. 20) is **DENIED**.

The scheduling conference is **VACATED**.

The Clerk of Court shall **ENTER JUDGMENT**.

**IT IS SO ORDERED**.